UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAWN M. GREELEY,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

Defendant

CIVIL ACTION NO.

04-10772 DPW

## ANSWER OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA TO PLAINTIFF'S COMPLAINT

### Introduction

1. The introduction requires no response and to the extent a response is required, denied.

### Jurisdiction and Venue

2. The Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Prudential admits that venue is proper and denies the remainder of the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

### The Parties

4. The Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

26004.1

5. Prudential admits that it is a licensed insurance company in Massachusetts and denies the remainder of the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Prudential admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

## Facts

7. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. The Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. The Defendant admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. The Defendant is without sufficient knowledge to either admit or deny the first sentence in Paragraph 16 of the Plaintiff's Complaint. Prudential admits that Plaintiff discontinued working for Digital in 1989 due to total disability and deny the remainder of the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendant admits the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

26004.1

18. Prudential answers that the policy speaks for itself and denies the remainder of the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Prudential answers that the December 21, 2000 letter speaks for itself and denies the remainder of the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Prudential answers that Dr. Pick's opinion and Prudential's benefit determination letters speak for themselves and denies the remainder of the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Prudential answers that its benefits determination and the administrative record speaks for itself and denies the remainder of the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Prudential answers that its benefits determination and the administrative record speaks for itself and denies the remainder of the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Prudential answers that the record speaks for itself and denies the remainder of the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Prudential admits the first four sentences of Paragraph 25 and denies the remainder of the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Prudential answers that the April 25, 2001 letter speaks for itself and denies the remainder of the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Prudential answers that the appeal letter and attachments speak for themselves and deny the remainder of the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Prudential answers that the affidavits speak for themselves.

31. Prudential answers that the letter speaks for itself and denies the remainder of the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Prudential answers that the video speaks for itself and denies the remainder of the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Prudential answers that the report by Dr. Yudowitz speaks for itself and denies the remainder of the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. The Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. Prudential answers that the records speak for themselves and denies the remainder of the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. Prudential answers that the records speak for themselves and denies the remainder of the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. Prudential denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44. Prudential denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

26004.1

46. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

47. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48. Prudential answers that the records speak for themselves and denies the remainder of the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

49. Prudential denies the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51. Prudential denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52. Prudential denies the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53. Prudential denies the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

57. Prudential states that the letters speak for themselves and denies the remainder of the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58. Prudential denies the allegations contained in Paragraph 58 of the Plaintiff's Complaint.

## COUNT I
(ERISA Section 502(a)(1)(B) – Claim for Benefits Under the Plan)

59. The Defendant reasserts and incorporates by reference herein each of its responses set forth in paragraphs 1 through 58 to the Plaintiff's Complaint.

26004.1

60. Prudential admits the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61. Prudential denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62. The Defendant admits that it terminated benefits on April 1, 2001 and denies the remainder of the allegations contained in Paragraph 62 of the Plaintiff's Complaint.

63. The Defendant admits the allegations contained in Paragraph 63 of the Plaintiff's Complaint.

64. The Defendant admits the allegations contained in Paragraph 64 of the Plaintiff's Complaint.

65. The Defendant admits the allegations contained in Paragraph 65 of the Plaintiff's Complaint.

66. The Defendant denies the allegations contained in Paragraph 66 of the Plaintiff's Complaint.

67. The Defendant denies the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

68. The Defendant denies the allegations contained in Paragraph 68 of the Plaintiff's Complaint.

## COUNT II
(ERISA Section 502(c) – Breach of Duty of Disclosure)

69. The Defendant reasserts and incorporates by reference herein each of its responses set forth in paragraphs 1 through 68 to the Plaintiff's Complaint.

70. The Defendant admits the allegations contained in Paragraph 70 of the Plaintiff's Complaint.

71. The Defendant denies the allegations contained in Paragraph 71 of the Plaintiff's Complaint.

72. The Defendant denies the allegations contained in Paragraph 72 of the Plaintiff's Complaint.

73. The Defendant denies the allegations contained in Paragraph 73 of the Plaintiff's Complaint.

26004.1

WHEREFORE, the Defendant requests that all claims against it be dismissed and that it be awarded attorneys costs and fees and any other relief that this Court deems just and equitable.

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Prudential.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential's handling of Plaintiff's claims for long term disability benefits complied fully with terms and conditions of the LTD Plan.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential has complied with and performed all of its promises, obligations and duties to Plaintiff under the Long Term Disability Plan and handling of the Plaintiff's claim for Long Term Disability benefits complied fully with terms and conditions of ERISA.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to disability benefits under the Long Term Disability Plan because she is not "totally disabled" as that phrase is defined in the Plan.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

26004.1

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g) Prudential is entitled to an award of its reasonable attorney fees incurred in defense of this matter.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential is not liable to Plaintiff for long term disability benefits.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Prudential reserves its right to assert additional defenses up to time of trial.

Respectfully submitted,

PRUDENTIAL INSURANCE OF AMERICA
By Its Attorneys,

*/s/ William T. Bogaert*
William T. Bogaert, BBO#546321
Carey L. Bertrand, BBO#650496
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

### CERTIFICATE OF SERVICE

I, William T. Bogaert, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 2nd day of June 2004 to:

Jeffrey Dretler, Esq.
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109

*/s/ William T. Bogaert*
William T. Bogaert

26004.1