UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN M. GREELEY,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>Defendant. | C.A. No. 04-10772-DPW |

**PLAINTIFF'S PROPOSED ADMINISTRATIVE RECORD
AND REQUEST FOR DISCOVERY**

Pursuant to the Order of this Court dated June 24, 2004, the Plaintiff hereby submits its proposed Administrative Record, and request for discovery, as follows.

In this action, pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), the Plaintiff, Dawn M. Greeley ("Plaintiff"), appeals from the wrongful termination of her long term disability benefits by the Defendant, The Prudential Insurance Company of America ("Defendant"). As set forth in the Complaint, the Defendant notified the Plaintiff of its decision to terminate benefits by letter dated December 21, 2000. By letter dated March 7, 2001, the Plaintiff requested that Defendant provide to her the entire Long Term Disability file upon which the decision to terminate benefits was based, so that she could properly appeal the decision via Defendant's internal procedure. By letter dated April 3, 2001, the Defendant forwarded to Plaintiff that which it represented to be "a copy of Ms. Dawn Greeley's LTD claim file and the documentation that was used to render a determination on her claim." Plaintiff questioned whether the entire file had been produced, and requested

Defendant to produce additional documentation, which it did (in part) on June 8th and June 9th, which documentation included, among other things, a copy of a surveillance video.

Pursuant to Prudential's internal appeals process, Plaintiff sought reconsideration of the termination of benefits by letter dated October 25, 2001 ("First Appeal"). As part of its submission, Plaintiff included, among other things, the documentation Defendant had represented to be the entire LTD claim file, which Plaintiff had bate stamped 0001 through 0245. By letter dated January 14, 2002, Defendant denied Plaintiff's request for reconsideration, and upheld its original decision to terminate benefits ("Denial of First Appeal"). By letter dated March 29, 2002, the Plaintiff appealed this decision ("Second Appeal"), which Prudential denied – almost a full year later -- by letter dated March 24, 2003 ("Denial of Second Appeal"). By letter dated July 10, 2003, the Plaintiff submitted her third and final internal appeal ("Third Appeal") which Defendant denied by letter dated January 9, 2004[1] ("Denial of Third Appeal"). At each stage of the appeal process, Defendant offered a different rationale for the termination of benefits, and failed to fully and properly disclose to the Plaintiff the basis for its decisions, denying the Plaintiff a full and fair opportunity to prosecute her appeals.

Plaintiff submits that the appropriate Administrative Record on Appeal before this Court should consist of the 245 pages of material that Defendant represented to Plaintiff constituted the entire LTD file, as well as the subsequent appeals and inquiries of the Plaintiff, and Defendant's

---

[1] The letter is erroneously dated January 9, 2003 instead of 2004.

responses thereto, including the documentation that Plaintiff submitted in support of her appeal.[2] As such, the Plaintiff submits such documentation for this Court's consideration, attached hereto and bate stamped PL 0001 through PL 0439. Plaintiff submits that the administrative record should not include that which Defendant has bate stamped DG 001 through DG 0588 – only approximately half of which was produced to the Plaintiff during the internal appeals process, despite Plaintiff's requests for same.[3]

Plaintiff further requests that this Court Order the Defendant to identify that which it relied upon for its initial denial of benefits, and that which it relied upon in making its decision to deny each of Plaintiff's appeals. Plaintiff contends that the Defendant withheld hundreds of pages of documents, disabling Plaintiff from effectively appealing. Moreover, the Defendant changed the rationale for its decisions at each stage of its administrative proceedings, apparently based upon newly developed records, further supporting Plaintiff's contention that Defendant acted arbitrarily and capriciously in this case.[4] Without knowing which documents Defendant relied upon in making each of its determinations, Plaintiff cannot properly demonstrate the

---

[2] Plaintiff provided the entire purported LTD file she had received from Defendant, one of the surveillance videos, her own affidavit, affidavits of two of her former colleagues at Digital, Dorothy Terrell and Betty Baily, a letter from Attorney Paula Noe, Secretary for the Chilmark Town Affairs Council, a letter from Mark Piper, M.D., a letter from Matilda Flores, Lic. Ac., and opinions from Dr. Emmanuel Green and Bernard Yudowitz, M.D.

[3] Defendant's proposed administrative record <u>includes</u>, for example, internal "SOAP" notes – which reflect the internal analysis of Defendants' claim handlers, which was never before produced to Plaintiff. Defendant's proposed administrative record <u>excludes</u>, for example, materials that Plaintiff submitted in support of her appeals, such as the affidavit of noted physician Bernard Yudowitz, who opined that Plaintiff was completely disabled, and excludes one of the surveillance videos upon which Defendant alleges it relied in terminating benefits.

[4] For example, Defendant based its initial denial of benefits (December 21, 2000) on its conclusion that Plaintiff's job at Digital was sedentary, and that her physical condition did not preclude her from returning to work. In denying her first appeal (January 14, 2002), Defendant reversed itself and stated "in our initial decision, we indicated that [Plaintiff's] occupation was sedentary in nature. Upon reviewing the additional information submitted with your appeal, we have determined that Ms. Greeley's occupation was not sedentary in nature." In denying Plaintiff's second appeal (March 24, 2003), Defendant asserted that Plaintiff was not precluded from performing sedentary work (even though her employment at Digital was not sedentary) and further opined that her condition was psychological, not physical.

- 4 -

arbitrary and capricious manner in which the decisions were reached. Absent an order requiring Defendant to indicate upon which records it relied at each stage of this proceeding, Plaintiff requests that this Court permit Plaintiff to conduct limited discovery on this issue, by deposing the authors of each of Defendant's denial letters: Jennifer Nichols (original termination of benefits); Michelle Ignotis (First Appeal Denial); Christine Latore (Second Appeal Denial); and Dan Dougherty (Third Appeal Denial).

                                    Respectfully submitted,

                                    DAWN M. GREELEY,

                                    By her attorneys,

                                    */s/ Jeffrey A. Dretler*

                                    _____
                                    Richard D. Glovsky, BBO# 195820
                                    Jeffrey A. Dretler, BBO# 558953
                                    PRINCE, LOBEL, GLOVSKY & TYE LLP
                                    585 Commercial Street
                                    Boston, MA  02109
                                    (617) 456-8000

Dated:  August 11, 2004