# BERNARD S. YUDOWITZ, M.D., J.D.

108 PLEASANT STREET
ARLINGTON, MA 02474-8138
(781) 643-2525

*RECEIVED JUN 2 0 2001*

June 12, 2001

Richard D. Glovsky, Esq.
PRINCE LABEL GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109

Dear Mr. Glovsky:

At your request, I conducted a psychiatric and chronic pain evaluation of Ms. Dawn Greeley on April 3, 2001. The purpose of the examination was to determine if Ms. Greeley meets the conditions of "Total Disability" as defined by her insurer Prudential. In order to assist me in my evaluation I had available to me numerous medical records from Ms. Greeley's treators and those clinicians who reviewed her case on behalf of Prudential.

My credentials are as follows: I am a Psychiatrist who has been actively practicing psychiatry since 1967. I am a Diplomate of the American Board of Psychiatry and Neurology and a Diplomate of the American Board of Forensic Psychiatry. I was a lecturer on psychiatry at the Harvard Medical School from 1970-1999 and received a recognition award from Harvard College for 25 years of service to the medical school.

In 1972 I established the first inpatient treatment center for chronic pain in Massachusetts at the New England Rehabilitation Hospital in Woburn. I was the Medical Director of the Pain Management Unit and all pain services at the hospital from 1972 until 1996. During that period, I provided diagnostic evaluation and direct treatment for over 6,000 patients.

Since 1995, I have been the physician representative on the Health Care Advisory Board of the Department of Industrial Accidents of the Commonwealth of Massachusetts. I was appointed by and serve at the pleasure of the Commissioner of that Department. As a member of the Advisory Board, I was involved in the establishment of a variety of treatment guidelines which were adopted as the standard for the treatment of injured workers in the Commonwealth. Since it's inception, I have been Chairman of the

subcommittee which established and continues to monitor treatment guidelines for those individuals suffering from chronic pain.

As a result of my evaluation of Ms. Greeley and my review of her voluminous medical records, it is my opinion that Ms. Greeley suffers from a physical condition known as fibromyalgia. As is the case with individuals with fibromyalgia there is a secondary psychological component which appears as depression and anxiety and is the result of the primary disease.

Ms. Greeley's medical history is typical of those individuals who suffer from Chronic Pain Syndrome. She was a healthy high functioning individual until approximately 1986. She had no history of psychiatric or physical problems, was happily married and had a young baby. She was working in a job which was appropriate to her abilities, and which was emotionally and financially rewarding. Thus there was no psychiatric or situational basis which provided fertile ground for her initial symptoms.

Her fibromyalgia began with onset of pain in the musculature of her jaw on the right side of her face which increased in intensity over a two year period resulting in a TMJ Syndrome. She ultimately had surgery for the condition in 1988. Unfortunately, as is usual in such cases, the treatment was palliative rather than curative.

Ms. Greeley's muscular pain, over the course of years, spread to various parts of her body resulting in a chronic pain syndrome involving all parts of her musculature. This is the usual course of fibromyalgia.

Ms. Greeley sought appropriate treatment for her condition and underwent a variety of accepted modalities to try to reduce her pain to allow her to function at the high level she had been accustomed to. Unfortunately the various modalities were only able to provide relief for limited periods of time.

Some of the reports I reviewed commented on Ms. Greeley's use of alternative medicine modalities. It is to her credit that she avoided the chronic use of pain killers which leads to habituation and addiction. Thus, her use of alternative medicine techniques should not be seen as something abhorrent in her case.

Through the years, Ms. Greeley has developed a lifestyle which helps her avoid the total dysfunction which often comes with chronic fibromyalgia. She and her family have moved to a remote part of Martha's Vineyard where the turmoil of everyday living is remote. She has engaged in a lifestyle including crafts and painting which serves her creative interests but does not aggravate her condition.

It is my opinion that Ms. Greeley fully meets the Prudential definition of "Total Disability", in that as a result of a physical illness termed fibromyalgia, she is not able to perform the material and substantial duties of her occupation and she is not able to perform the substantial duties of any job for which she is reasonably fitted by her

education, training or experience.  She is not working at any job for wage or profit and she is under the regular care of a doctor and other treators.

Very truly yours,

Bernard S. Yudowitz, MD
Diplomate, American Board of
      Psychiatry and Neurology
Diplomate, American Board of
Forensic Psychiatry