UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN M. GREELEY,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant | CIVIL ACTION NO.<br><br>04-10772 DPW |

**DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, OPPOSITION TO PLAINTIFF'S MOTION FOR PROCEDURAL ORDER, OR, IN THE ALTERNATIVE, FOR LEAVE TO CONDUCT DISCOVERY**

Now comes the Defendant, The Prudential Insurance Company of America ("Prudential") in opposition of Plaintiff's Motion for Procedural Order, or, in the alternative, For Leave to Conduct Discovery. In support of this Opposition, Prudential states as follows:

**INTRODUCTION**

Plaintiff was a Manufacturing Strategic Resource Manager at Digital when she ceased working on or about April 9, 1989 due to "TMJ" (temporomandibular joint syndrome) and facial pain. Prudential began paying Plaintiff long term disability benefits on or about October 7, 1989. On or about December of 2000, after more than ten years of benefits being paid, Plaintiff no longer met the criteria of total disability as defined by the Plan and Prudential informed Plaintiff

that she would no longer receive benefit payments.[1] Defendant had Plaintiff's medical records reviewed by an independent physician during the decision making process. Also, Plaintiff has been examined by independent medical doctors in the years prior to the decision to terminate benefits.

Plaintiff submitted an appeal[2] on or about October 25, 2001 of Prudential's determination. Prudential reviewed the entire file and the additional information Plaintiff provided.[3] After a careful review, Prudential upheld its decision on or about January 14, 2002. By letter of March 29, 2002, Plaintiff submitted her second appeal, which included additional medial documentation and vocational evaluation. Prudential reviewed the entire claims file and the additional information provided by Plaintiff and determined again to uphold its initial decision on or about March 24, 2003. Plaintiff submitted her third appeal on or about July 10, 2003. Prudential once again performed a file review and upheld its decision on or about January 9, 2004 (in a letter incorrectly dated 2003). Plaintiff exhausted her administrative remedies and subsequently filed suit on or about April 15th of 2004.

---

1 In the initial denial, Prudential reviewed every single document that plaintiff submitted in conjunction with the claim, all medical records obtained in the case to the date Prudential made the decision to terminate, and any medical opinions Prudential elicited as part of our review of the claim. Prudential then reviewed the contract provision and applied it to its understanding of the medical condition.

2 Plaintiff's current counsel, have been involved with this matter since Plaintiff's initial appeal of Prudential's decision. Counsel for Plaintiff has been involved at every stage of the appeals process and therefore has taken a role in shaping the administrative record as it exists today. The administrative record includes all correspondence and related material received from counsel.

## ARGUMENT

### A. Judicial Review Must Focus on Ultimate Decision, Not Intermediary Decisions.

The purpose of the limited scope of discovery in ERISA cases was to ensure that such cases are decided swiftly, economically and expeditiously. Plaintiff's Motion seeks to delve into a multitude of irrelevant areas, which do not affect the ultimate decision to terminate Greeley's benefits. In other words, Plaintiff's proposed discovery is a fishing expedition. Furthermore, the focus of this Court's review ultimately will be on the final decision making the proposed discovery irrelevant. Terry v Bayer, 145 F.3d 28, 36 (1st Cir. 1998). Since it is a prerequisite to obtaining judicial review that a claimant exhaust his or her administrative remedies, it seems contrary to the purposes of ERISA to focus on intermediate decisions. Terry, supra.

Moreover, Plaintiff already possesses copious amounts of documents, which indicate what information Prudential considered in making its claim decision. Plaintiff, through her counsel, actively participated in ensuring that information that Plaintiff believed was pertinent to her claim was before Prudential during every level of the appeals process. Plaintiff's counsel shaped that record, which is composed of approximately 800 pages of documents, and Plaintiff can surmise all of the information that was used to make the final determination and the reasons for the determination itself.

### B. Prudential's Decision Letters State the Reasoning for the Decisions.

Plaintiff argues that the proposed discovery is needed so that she can determine the "true"

---

[3] As the denial proceeded to appeals, every appeal considered all of the medical information submitted previously and all documentation submitted in conjunction with the appeal, as well as any medical opinions Prudential elicited as part of its review of the claim at any point up until a decision was made on the appeal .

basis for the termination of benefits and to preclude Prudential from offering a post hoc rationale for its decisions. Plaintiff's argument is flawed for several reasons. First, the Court needs to look at the decisions made by Prudential to determine whether they are arbitrary and capricious based on the entire record. Second, Prudential's position all along, which has been expressed to the Plaintiff through her counsel, is that its reasoning for the decisions is contained explicitly in the denial letters written by Prudential. Third, Prudential has indicated that it reviews the information in the claims file at the time the decision is made. Prudential has made no indication that it seeks to offer up some other reason other than those in the denial letters in support of its decisions. Moreover, Plaintiff's argument makes no sense in that Prudential's position is that the Court's review of this matter should be limited to the administrative record and that extraneous evidence should not be considered. Plaintiff's proposed discovery is an attempt to incorporate additional evidence into the record.

Finally, Plaintiff's argument that discovery is necessary to allow her to determine why Prudential made the decision it did and what information was relied upon is unfounded. Plaintiff's Complaint indicates that she has known all along why Prudential terminated benefits and what information was relied upon. In relation to Prudential's initial termination of benefits, Plaintiff's Complaint states that Prudential informed her that she no longer met the criteria of total disability. Plaintiff's Complaint, ¶ 19, attached hereto as Exhibit 1. Plaintiff goes on to state that the crux of Prudential's determination was that Plaintiff's job at Digital was administrative and sedentary in nature. Plaintiff's Complaint, ¶ 20, Ex. 1. Plaintiff alleges that Prudential relied on an opinion by Dr. Robert Pick and a subsequent consultation with Dr. Don

Lipsett. Plaintiff's Complaint, ¶ 21, Ex. 1. Plaintiff also alleges that Prudential relied on purported surveillance and on a review of Plaintiff's medical records by Dr. Gwen Brachman. Plaintiff's Complaint, ¶ 22, 23.

In relation to Prudential's decision to deny Plaintiff's first appeal of its decision, Plaintiff's Complaint states that Prudential rejected an opinion of Dr. Yudowitz offered by the Plaintiff as part of her appeal. Plaintiff's Complaint, ¶ 37. Plaintiff alleges that Prudential, in further support of its position opined that the surveillance documents her being out of the home, socializing…shopping and boating. Plaintiff's Complaint, ¶ 38. Plaintiff also alleges that Prudential suggested that the Medical Director performed a medical record review. Plaintiff's Complaint, ¶ 40. After Plaintiff's second appeal, Plaintiff's Complaint alleges that Prudential asserted that the additional materials submitted by Plaintiff did not document an impairment which would support an inability to perform sedentary work. Plaintiff's Complaint, ¶ 47. Plaintiff's Complaint alleges that Prudential did not disclose that grounds for its determination that Plaintiff could perform sedentary work nor did it disclose the identity of the clinical team of medical director who made such a determination. Plaintiff's Complaint, ¶ 49. Plaintiff's Complaint further alleges that Prudential's opinion was bereft of any information, which would suggest that Plaintiff was vocationally suited for the identified sedentary positions. Plaintiff's Complaint, ¶ 49. Moreover, Plaintiff's Complaint alleges that Defendant's final denial letter also suggests that its decision rested on its view that Plaintiff's injuries were psychological rather than physical.

Regarding Prudential's final decision to uphold the termination of benefits, Plaintiff's Complaint alleges that Prudential asserted that Plaintiff's medical file was forwarded to a

consulting physician for review. Plaintiff's Complaint, ¶ 56. Plaintiff's Complaint goes on to allege that Prudential restated unsupported conclusions reached in Prudential's denial of Plaintiff's first and second appeals. Plaintiff's Complaint, ¶ 57. Given the breadth of the Plaintiff's Complaint, it is ironic that Plaintiff now states by Motion that they need to now the "true" reasons for Prudential's decision. Given the Plaintiff's Complaint, it is clear that Plaintiff is aware of Prudential's reasoning for the decisions. Prudential's reasoning is clearly stated in their denial letters. Additionally, the information upon which Prudential relied, in addition to the entire administrative record, is clearly highlighted within these letters. Prudential is not hiding any reasoning for its decision and Plaintiff's proposed discovery would not reveal anything different than has already been produced. Moreover, Plaintiff can just as easily determine what was in the file at the time of the decision as Prudential can. Prudential has already assisted Plaintiff in making this determination as the administrative record was produced in a chronological format.

**C. No Conflict Exists Which Would Warrant Heightened Standard of Review**

Plaintiff has made a brief mention in a footnote that this matter should be reviewed under a heightened standard of review due to some unspecified conflict. Despite having not alleged such a conflict in her Complaint, Plaintiff now, for the first time, alleges that a conflict exists because Prudential is the Plan administrator and insurer of the Plan. Plaintiff cites to the Conrad case to support this contention, but neglects to mention that the Conrad case stands for the proposition that a conflict of interest should be a "factor" in the ERISA review process. Moreover, the First Circuit has explicitly ruled that the mere dual role of an insurance company as both insurer of the Plan and administrator does not automatically constitute a conflict of

interest. Pari-Fasano v. ITT Hartford Life and Accident Ins. Co., 230 F.3d 415 (1st Cir. 2000). Such a conflict will not be presumed and the claimant has the burden of proving an actual conflict. Id. In the case at bar, Plaintiff has failed to even allege a potential conflict never mind an actual conflict and is not entitled to a heightened arbitrary and capricious standard of review. Furthermore, the First Circuit has ruled quite clearly that an alleged conflict of interest must not be "chimerical, imagined, or conjectural." Leahy v. Raytheon Co., 315 F. 3d 11, 16 (1st Cir. 2002). An unsupported allegation of conduct in the footnote of a motion is not enough to warrant a review under a heightened standard. Moreover, Plaintiff's discovery is not focused on such alleged "conflict."

Even if the Court determines that a conflict of interest was present, the Court steps into the shoes of Prudential and makes its own determination under a heightened standard. In that situation, the Plaintiff's attempted discovery is irrelevant in that it attempts to obtain information relating to Prudential's reasoning behind the decision. The Court would make its own determination and would not take into account Prudential's process, reasoning or claims handling practices.

**D. The Administrative Record upon which the benefit determination was made is substantially complete already.**

Regardless of what standard of review the Court determines applies, discovery in an ERISA-regulated matter is not open ended and unlimited. Rather, the scope of discovery, which is left to the discretion of the Court, is to be limited to what is necessary to ensure that a complete judicial record exists. The First Circuit has stated that "even where de novo review exists under ERISA, it is at least doubtful that courts should be in any hurry to consider evidence

or claims not presented to the plan administrator." Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19 (1st Cir. 2003); See also, Cleary v. Knapp Shoes, Inc., 924 F. Supp 309, 315 (USDC-MA 1996) ) (reviewing additional records where administrative record was sparse and the causation issue complex.); See also Jorstad v. Connecticut General Life Insurance Company, 844 F. Supp. 46 (USDC-MA 1994)(permitting a court discretion to accept additional medical information when conducting de novo review but not when conducting review under a more deferential standard.) Therefore, regardless of what standard applies, Plaintiff is not entitled to the discovery proposed.

Moreover, Plaintiff has not alleged that the record in this case is inadequate or that documents and evidence considered in the benefits determination has been omitted. As mentioned above, in cases where discovery in permitted beyond the record, it is to ensure that a sparse administrative record is complete. This is not the case here. The record at issue here consists of hundreds of exhibits, including SOAP notes, telephone call logs, medical records, claims correspondence, the policy and contract documents, IME reports, reports from outside reviewers and various articles. Prudential has produced all of the documents before it when the benefits decisions were made. Just because the Plaintiff desires a vaguely identified “fuller understanding,” of the process, discovery should not be allowed which is not focused upon ensuring a full and complete record. Allowing the Plaintiff discovery of the issues she seeks contradicts the very purpose of ERISA and essentially delays a process, which is designed to make swift determinations for the benefit of the participant.

**CONCLUSION**

Plaintiff discovery requests are contrary to the purpose and goal of ERISA; to allow

participants swift resolution of their claims. If discovery is permitted to proceed, ERISA will essentially be circumvented and these ERISA cases will inevitably become standard civil cases.

Given the foregoing reasons, Prudential respectfully requests that this Honorable Court review its benefit determination under the arbitrary and capricious or abuse of discretion standard of review and deny Plaintiff's Motion.

Respectfully submitted,
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
By its attorneys,

/s/ Carey Bertrand
William T. Bogaert, BBO#546321
Carey Bertrand, BBO #650496
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617)422-5300

Dated: September 21, 2004

CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 21st day of September 2004 to:

Jeffrey Dretler, Esq.
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109

/s/ Carey Bertrand