UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN M. GREELEY,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant | CIVIL ACTION NO.<br><br>04-10772 DPW |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON THE RECORD**

Plaintiff, Dawn M. Greeley ("Greeley"), brought this action against the Prudential Insurance Company of America ("Prudential") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) (Count I) & 1133(c) 1001-1461 (Count II), for Prudential's wrongful termination of her Long Term Disability (LTD) benefits and for improperly withholding relevant evidence during the administrative appeal process.

Judgment should enter for Greeley on Count I and Prudential's decision to terminate Greeley's LTD benefits should be reversed, because that decision was arbitrary and capricious and without support in the record. Specifically, Prudential completely disregarded ten years worth of compelling evidence documenting Greeley's disabling chronic pain caused by a condition known as fibromyalgia which rendered her totally

- 1 -

disabled. Instead, Prudential relied on equivocal, inconclusive, ambiguous and patently biased medical reports from its own physicians. No fair and objective view of the administrative record—no matter how deferential—could support Prudential's conclusion that Greeley is not entitled to benefits under the Policy in this case.

In addition, in connection with this lawsuit, Prudential has produced a large number of previously concealed documents, many of which relate to the heart of this matter. Those new disclosures reveal, among other things, that Prudential actively contaminated the administrative record by improperly persuading its "independent" physicians to make tainted diagnoses and to create medical reports tailored to support its case to terminate benefits. Moreover, there is evidence that Prudential knew that one of these physicians provided an inaccurate medical diagnosis and nevertheless relied on that diagnosis as a centerpiece of its determination that Greeley was not disabled. In addition to Prudential reaching a conclusion not supported by the record, this evidence further compels the conclusion that its determination that Greeley was not totally disabled was arbitrary and capricious—the product of bias, improper motives and a genuine conflict of interest.

Judgment should enter on Count II because Prudential sabotaged each of Greeley's three administrative appeals by actively withholding substantive evidence. Moreover, to support each denial of Greeley's appeals, Prudential relied on evidence to which Greeley had never previously been given access or an opportunity to evaluate and respond. That Prudential improperly undermined Greeley's right to a full and fair review of her claims at each of three administrative appeals further demonstrates that

Prudential's decision was arbitrary and capricious and tainted by bad faith and improper motive.

In further support of this motion, Plaintiff refers the court to the Statement of Undisputed Facts In Support of Plaintiff's Motion for Summary Judgment and In Opposition to the Defendant's Motion for Summary Judgment and the Memorandum In Support of Plaintiff's Motion for Summary Judgment and In Opposition to the Defendant's Motion for Summary Judgment on the Record which are filed simultaneously herewith.

For the foregoing reasons, Plaintiff Dawn M. Greeley respectfully requests that this Honorable Court enter judgment on her behalf her on both Counts I & II of her Complaint.

>Respectfully Submitted,
>
>DAWN M. GREELEY
>
>By her Attorneys,
>
>PRINCE, LOBEL, GLOVSKY & TYE LLP
>
>By: __/s/ Richard D. Glovsky__
>Richard D. Glovsky (BBO#: 195820)
>Joshua A. Lewin (BBO#: 658299)
>Jeffrey A. Dretler (BBO#: 558953)
>585 Commercial Street
>Boston, MA 02109
>(617) 456-8000