UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN M. GREELEY,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant | CIVIL ACTION NO.<br><br>04-10772 DPW |

**DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISUPTED FACTS**

**General Objections**

A. Prudential objects to the titles or headers which are contained in Plaintiff's Statement of Facts as said headers are argumentative. Prudential requests that this Honorable Court disregard these headers and/or strike them from the Plaintiff's Statement of Facts.

B. Prudential objects to the Plaintiff's statements which are mere characterizations or arguments made by the Plaintiff which are not supported by any citation to the record. Prudential requests that this Honorable Court disregard these "facts" and strike them from the record.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.

11. Admitted.
12. Admitted as to the quotations to the policy language and denied as to the interpretation made by Plaintiff which is not supported by a citation to the record.
13. Admitted.
14. Admitted.
15. Admitted.
16. Admitted.
17. Admitted.
18. Admitted.
19. Admitted.
20. Admitted.
21. Admitted.
22. Admitted.
23. Admitted that the documents cited to make reference to "TPS" or "trigger points" and deny any interpretation or characterization placed on these documents by the Plaintiff.
24. Admitted.
25. Admitted.
26. Admitted.
27. Admitted.
28. Admitted.
29. Admitted that the words quoted are contained in the report but denied to the extent Dr. Donelson's report is not quoted completely and is taken out of context.
30. Admitted that Dr. Donelson was unable to identify an orthopedic cause of her symptoms and denied as the Plaintiff's characterization of the exam as "limited."
31. Admitted as to the quotation to Dr. Donelson's report and denied as to the interpretations of the report by Plaintiff as they are unsupported by citations to the record.
32. Admitted that the report states that Dr. Pick was unable to address the issued of the described temporomandibular joint symptomology and was unable to identify an orthopedic cause of her symptoms and denied as to any interpretations or characterizations of the report by the Plaintiff.
33. Admitted.
34. Admitted.
35. Admitted.
36. Admitted.
37. Admitted.
38. Admitted.
39. Admitted that a vocational assessment was performed and denied as to the characterizations of the report made by the Plaintiff which are unsupported by citations to the record.
40. Admitted.
41. Admitted as to the quotations from Dr. Lipsitt's reports and denied as to the argument made by Plaintiff as the remainder of the statement it is not supported by

2

any citation to the record.
42. Admitted and further states that the entire record has been submitted to this Court.
43. Admitted.
44. Admitted.
45. Admitted that Dr. Lipsitt made the diagnosis which is cited in the statement but denied as to Plaintiff's characterizations of Dr. Lipsitt's report which are unsupported by citations to the record.
46. Admitted that Prudential hired an investigator and denied to the extent that Plaintiff has made arguments unsupported by citation to the record.
47. Admitted.
48. Admitted.
49. Admitted.
50. Admitted.
51. Admitted.
52. Admitted.
53. Admitted.
54. Admitted.
55. Admitted.
56. Admitted.
57. Admitted.
58. Admitted.
59. Admitted.
60. Admitted.
61. Admitted.
62. Admitted.
63. Admitted.
64. Admitted.
65. Admitted that Dr. Brachman reviewed the records as stated in her report.
66. Admitted that Dr. Brachman's states Plaintiff's position was sedentary and denied as to the remainder of this statement as it is merely argument made by the Plaintiff which is unsupported by any citation to the record.
67. Admitted as to the quotations to Dr. Brachman's report and denied as to the arguments and characterizations made by the Plaintiff which are unsupported by any citation to the record.
68. Admitted as to the quotation to Dr. Brachman's report and denied as to the arguments, interpretations and characterizations made by the Plaintiff and further denied as to the extent the arguments made are not actually made in the citations referenced.
69. Admitted.
70. Admitted that Dr. Brachman's report stated that Greeley had an underlying psychiatric disorder and denied as to the Plaintiff's unsupported characterizations of Dr. Brachman's report which are unsupported by citations to the record.
71. Admitted.
72. Admitted as to the quotation to Dr. Brachman's report and denied as to the

3

|   |   |
|---|---|
|   | Plaintiff's unsupported characterizations of Dr. Brachman's report which are unsupported by citations to the record. |
| 73. | Admitted and denied as to any interpretations made by the Plaintiff of the reports which are unsupported by citations to the record. |
| 74. | Admitted. |
| 75. | Admitted as to the quotation to Dr. Brachman's report and denied as to any characterization of the report by the Plaintiff which is unsupported by a citation to the record. |
| 76. | Admitted. |
| 77. | Admitted as to 77a-c and denied as to 77d as the statement of Prudential regarding the benefit limitation is mischaracterized. |
| 78. | Admitted. |
| 79. | Admitted. |
| 80. | Admitted as to the quotation to the letter and denied as to any characterization of the report by the Plaintiff which is unsupported by a citation to the record. |
| 81. | Admitted. |
| 82. | Admitted that Prudential produced documents which were relevant to its decision and denied as to the arguments made by the Plaintiff, which are not supported by citations to the record. |
| 83. | Admitted. |
| 84. | Admitted. |
| 85. | Admitted. |
| 86. | Admitted. |
| 87. | Admitted. |
| 88. | Admitted. |
| 89. | Admitted. |
| 90. | Admitted. |
| 91. | Admitted. |
| 92. | Admitted. |
| 93. | Admitted. |
| 94. | Admitted. |
| 95. | Admitted. |
| 96. | Admitted. |
| 97. | Admitted as to the quotation to the denial letter and denied as to the arguments and interpretations made by the Plaintiff regarding the letter which are unsupported by citation to the record. |
| 98. | Admitted that Plaintiff's position was not sedentary and denied as to the arguments and interpretations made by the Plaintiff regarding the letter which are unsupported by citation to the record. |
| 99. | Admitted as to the quotation to the denial letter and denied as to the arguments and interpretations made by the Plaintiff regarding the letter which are unsupported by citation to the record. |
| 100. | Admitted as to the quotation to the denial letter and denied as to the arguments and interpretations made by the Plaintiff regarding the letter which are |

32672.1

|     | |
| --- | --- |
| | unsupported by citation to the record. |
| 101. | Denied as to the extent that Plaintiff characterizes Prudential's actions as "cavalier." |
| 102. | Admitted as to the quotation to the denial letter and the quotation to the policy language and denied as to the arguments and interpretations made by the Plaintiff regarding the letter and policy which are unsupported by citation to the record. |
| 103. | Denied as to the arguments and interpretations made by the Plaintiff which are unsupported by citation to the record. |
| 104. | Admitted. |
| 105. | Admitted. |
| 106. | Admitted. |
| 107. | Admitted. |
| 108. | Admitted. |
| 109. | Admitted but Prudential further answers that the policy actually states that "the disability was caused at least in part by a mental, psychoneurotic or personality disorder." |
| 110. | Admitted. |
| 111. | Admitted. |
| 112. | Admitted. |
| 113. | Admitted. |
| 114. | Admitted. |
| 115. | Admitted as to the position of Prudential and denied as to the interpretation of Prudential's position made by Plaintiff which is unsupported by citation to the record. |
| 116. | Admitted. |
| 117. | Admitted as to the quotation to referenced letter but denied as to Plaintiff's characterization and interpretation of the letter. |
| 118. | Admitted. |
| 119. | Admitted. |
| 120. | Admitted that Greeley's letter makes arguments in support of her appeal but denied to the extent Prudential's failure to produce documents to Greeley are characterized as obviously relevant to Prudential's decision. |
| 121. | Admitted. |
| 122. | Admitted. |
| 123. | Denied that Prudential is currently withholding the video and further denied as this paragraph is riddled with argument unsupported by citation to the record. |
| 124. | Admitted. |
| 125. | Admitted. |
| 126. | Admitted that Plaintiff made a third appeal but denied to the extent Plaintiff makes arguments which are unsupported by citation to the record. |
| 127. | Admitted that Plaintiff made a third appeal but denied to the extent Plaintiff makes arguments which are unsupported by citation to the record. |
| 128. | Admitted. |
| 129. | Admitted. |

32672.1

130. Admitted as to the statements contained in the letter but denied as to the Plaintiff's interpretation and characterization of the letter which is unsupported by citation to the record.
131. Admitted as to the quotation to the letter but denied to the extent Prudential's position is characterized as untenable.
132. Denied.
133. Admitted as to the quotation to the letter but denied to the extent the analysis is characterized as "purported" and the interpretation of the letter by the Plaintiff which is unsupported by citation to the record.
134. Denied as unsupported by citation to the record.
135. Admitted as to the quotations to the letter and the policy language but denied as to the interpretation of the letter and the policy by the Plaintiff which is unsupported by citation to the record.
136. Denied to the extent Plaintiff states that Prudential relied on all of the "undisclosed documents" in terminating Greeley's benefits and denying her appeals.
137. Admitted that the policy was produced but denied as to whether Greeley had ever seen the policy.
138. Admitted as to the definition contained in the policy and denied as to what Greeley was aware of.
139. Admitted.
140. Admitted.
141. Admitted.
142. Admitted as to the quotation to the SOAP note referenced but denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
143. Admitted as to the quotations to the documents referenced but denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
144. Denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
145. Denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
146. Denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
147. Denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
148. Admitted as to the quotations to the documents referenced but denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
149. Denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
150. Admitted as to the quotation to the document referenced but denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.

32672.1

151. Denied.
152. Admitted that Dr. Brachman agreed to perform a file review and did perform a file review and denied as to the Plaintiff's interpretation and characterization of the review which are unsupported by citation to the record.
153. Admitted as to the quotation to the document referenced but denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
154. Admitted as to the quotation to the document referenced but denied as to the characterization and interpretations made by the Plaintiff which are unsupported by citation to the record.
155. Admitted.
156. Admitted that surveillance was performed in 1997 and that doctors were retained for examinations and record reviews and denied to the extent Plaintiff makes arguments and characterizations which are not supported by a citation to the record.

Respectfully Submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
By Its Attorneys,

/s/ Carey Bertrand
William T. Bogaert, BBO#546321
Carey L. Bertrand, BBO#650496
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 17th day of December 2004 to:

Jeffrey Dretler, Esq.
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA  02109

32672.1

/s/ Carey Bertrand

32672.1