UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN M. GREELEY,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant | CIVIL ACTION NO.<br><br>04-10772 DPW |

**DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The defendant, The Prudential Insurance Company of America ("hereinafter referred to as Defendant or Prudential") hereby submits this supplemental brief in response to this honorable Court's Order of May 26, 2005. Specifically, this honorable court requested that the parties brief the implications of the First Circuit's recent decision in Jacob M. Orndorf v. Paul Revere Life Insurance Company, 404 F.3d 510, 2005 U.S. App. LEXIS 6344 (D. Mass. 2005) on the issues currently pending before this honorable Court in the above captioned matter.

In Orndorf v. Paul Revere Life Insurance Company, the First Circuit confirmed the rule of this Circuit that any review of a denial of benefits under ERISA must limited to the administrative record and evidence outside of the record should not be admitted or considered. Prudential asserts that the ruling in Orndorf supports Prudential's position in this matter that in reaching a determination on the parties' motions for summary judgment this Court must consider the entire administrative record and only the administrative record before Prudential as the

1

Claims Administrator. In the instant case, the plaintiff, while admitting that this Court must apply the deferential "arbitrary and capricious" standard of review in considering whether Prudential properly terminated plaintiff's disability benefits, nonetheless seeks to exclude materials which were part of the Administrative Record before Prudential when it made its decision to terminate the plaintiff's ERISA disability benefits.[1] For the reasons set forth in more detail below, the First Circuit's reasoning in Orndorf suggests that it would be equally inappropriate for a reviewing Court under any standard of review, to exclude and disregard information which was part of the Administrative Record before the claims administrator.

Finally, as permitted by the Court at oral argument, Prudential takes leave to provide the court with additional legal authority in support of its opposition of plaintiff's motion for summary judgment on Count II of her complaint seeking the imposition of penalties against Prudential for its alleged failure to provide her counsel with the certain documents from the administrative record.

**The First Circuit's Decision in Orndorf v. Paul Revere Life Insurance Company.**

The Court of Appeals' decision in Jacob M. Orndorf v. Paul Revere Life Insurance Company, established rules for *de novo* review in an affirmation of a benefit denial by Paul Revere. The First Circuit Court held that a *de novo* review requires the determination by the Court "upon a full review of the administrative record, the decision of the administrator was correct." Id. at 518. Such review involves the Court's independent weighing of the facts and opinions in that record to determine whether the plaintiff has met his burden of showing he was disabled within the meaning of the policy. Id. The Orndorf court noted that the focus of review

---

[1] It is important to note the Plaintiff has confused the Administrative Record and the documents contained therein with the documents relied on by Prudential in making its final decision. The Administrative Record contains a

2

under the *de novo* standard is the administrator's decision and ordinarily must be based on the administrative record. Id. at 519.  The judicial review is properly confined to the administrative record before the Administrator because the Court stated, it would "offend the interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra-administrative record evidence going to the substance of that decision." Id.  The Court rightly noted that the final administrative decision acts as a temporal cut off point. Id. at 520.  In so ruling, the Orndorf Court correctly recognized that judicial review is limited to the final ERISA decision and noted that the insurer is limited to the grounds of denial it articulates to the claimant in that decision.   Id. at 519. The Court concluded by citing its decision in Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003) that "at least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." Id.

     The Orndorf Court did note that there may be circumstances when it is appropriate for courts to hear evidence not part of the administrative record, such as when the challenge to the decision is not based on the merits of the denial, but to the procedure used to reach the decision. Id. at 520.   In this regard, the Court noted that evidence might be relevant to a claim of personal bias by a plan administrator or prejudicial procedural irregularity in the ERISA administrative review procedure. Id.  It is worthy to note that the Court concluded that the plaintiff in Orndorf had no claim that he was denied an opportunity to present evidence as part of the administrative process and had ample time and opportunity to collect such evidence. Further, the Court noted that although Orndorf had claimed procedural irregularities in the administrative process and

---

plethora of documents including all documents referenced in its final decision.

3

39010.3

sought discovery on that basis, when requested by the District Court to make a specific showing of the pertinence of that request he could not do so. The Court of Appeals concluded that there was no serious claim of bias or procedural misconduct toward Orndof.

The holding of the First Circuit in both the Orndorf and Liston case must be applied to the instant matter to deny plaintiff's claim that this court not consider the entire administrative record in deciding the pending motions. The plaintiff's claim for a limited record is contrary because this is not a case of prejudicial procedural irregularities which warrant a deviation from the rule espoused by the First Circuit in Orndorf and Liston. Specifically, plaintiff has alleged that Prudential's failure to produce the entire administrative record to her counsel during the administrative process "reveal[s] a consistent pattern of bias against Greeley and a concerted effort by Prudential to sabotage her claim by convincing or otherwise predisposing its "independent" physicians to submit inaccurate and prejudicial reports." Elsewhere plaintiff contends that Prudential's review of her claim was biased from the outset and designed to terminate her benefits and that Prudential as claims administrator and insurer has a conflict. Finally, at oral argument, plaintiff claimed through counsel that she was prejudiced in Prudential's consideration of a vocational assessment and medical records review not supplied to Greeley during Greeley's final appeal. None of these allegations of prejudice are supported by the record or warrant deviation from the standards established by the First Circuit in Orndorf and Liston. Moreover, the administrative appeal process in the instant case mirrors that of the administrative process in the Orndorf case.[2]  Thus, clearly no prejudicial procedural

---

[2] In this record it must be noted that in Orndorf, the defendant insurer in its consideration of the plaintiff's final administrative appeal similarly provided the materials supplied by the plaintiff in connection with that appeal to an a physician for review and comment. Orndorf at 516. As in the instant case the findings of that physician were included in the administrative decision.

4

39010.3

irregularities existed in the review of Greeley's final appeal.

Plaintiff also contends that she was prejudiced because Prudential did not turn over the report of the records review performed by an independent physician and Transferable Skills Analysis/Labor Market Study ("TSA"), which were relied upon by Prudential in its final decision. DG0340-DG 0346 and DG 0348-DG 0351. The records review and TSA were obtained by Prudential as part of its final evaluation of the appeal. Although Plaintiff was not provided with these reports prior to Prudential's issuance of its final decision, Plaintiff had already submitted the opinion of her own independent physician and a vocational analysis. The opinions gathered by Prudential in order to evaluate Plaintiff's final appeal were responsive to Plaintiff's submissions and were necessary for Prudential's final evaluation and consideration of her appeal. Like in <u>Orndorf</u>, there was no prejudicial procedural irregularity in Prudential's final record review and Transferable Skills Analysis. ERISA (and the First Circuit) clearly contemplates a cut off point for administrative review, and the final appeal decision of Prudential was the end point in the administrative process in this matter. Thus, Prudential complied with the appeals process as outlined under ERISA and <u>Orndorf</u>. Although <u>Orndorf</u> contemplates potential *de novo* review where prejudicial procedural irregularities occur in the administrative review process, that is not the situation here. Instead, here the administrative process was exhausted; thus Plaintiff's opportunity to address Prudential's reasoning for its decision was foreclosed. There was no prejudicial procedural irregularity in Prudential's failure to provide Plaintiff with the reports after the final decision was made.

Despite the fact that at the end of the administrative process, Plaintiff was unable to address the reports relied upon in Prudential's final evaluation and decision, Plaintiff was given

39010.3

an opportunity to directly address these reports in the instant litigation after production of the administrative record.  <u>However, Plaintiff did not take advantage of the opportunity to directly address these two reports which had not been produced</u>.  Instead, after production of the administrative record, Plaintiff sought leave to conduct discovery arguing that she "did not know which documents Prudential relied upon in making its decision to uphold the final appeal decision."[3]  Plaintiff made this argument <u>despite the fact that the medical record review and Labor Market Survey were specifically mentioned in the final denial letter and were subsequently produced as part of the administrative record.</u>  Plaintiff had an opportunity to directly address the documents she did not receive prior to the final decision, yet she failed to do so. Further, plaintiff has failed to articulate any manner in which she has been prejudiced by the inclusion of these materials in the record before the court. Thus, Plaintiff should not be permitted to argue prejudice on the non-disclosure issue of these two reports at this stage of the litigation where Plaintiff chose not to address this very issue previously.

In deciding <u>Orndorf,</u> the Appeals Court made it very clear that even where the standard of review is *de novo*, the <u>Liston</u> rule about admissibility of evidence outside the administrative record applies.  <u>Orndorf</u> at 23.  In the instant matter, the Plaintiff has not sought to include additional evidence but has sought to limit the record to an abbreviated version it has provided to

---

[3]  The Court may recall that the parties briefed this issue of conflict of issue regarding Plaintiff's requests for additional discovery beyond the scope of the record. The Court denied the Plaintiff's Motion for Leave to Take Discovery.  Plaintiff made mere mention of conflict in a footnote in her motion for additional discovery and to date, Plaintiff has made no showing of conflict of interest.  As argued in Prudential's Opposition to Plaintiff's Motion For Procedural Order, Or, In The Alternative, For Leave To Conduct Discover, the First Circuit has explicitly ruled that the mere dual role of an insurance company as both insurer of the Plan and administrator does not automatically constitute a conflict of interest.  <u>Pari-Fasano v. ITT Hartford Life and Accident Ins. Co.,</u> 230 F.3d 415 (1st Cir. 2000).  Such a conflict will not be presumed and the claimant has the burden of proving an actual conflict. <u>Id.</u>  In the case at bar, Plaintiff has failed to demonstrate that Prudential has a potential conflict never mind an actual conflict and is not entitled to alter the administrative record on this basis.

this Court. Nowhere does the Orndorf decision contemplate a *de novo* review where evidence is actually *excluded* from the administrative record nor can Plaintiff cite to any First Circuit case law to support this Court's review of the limited record requested. Moreover, ignoring the evidence which Prudential possessed, reviewed and/or relied on in making its decision would be contrary to the purposes of judicial review. Cleary v. Knapp Shoes, Inc., 924 F. Supp 309, 315 (USDC-MA 1996)([w]here an adequate administrative record has been created, allowing the development and submission of additional evidence would frustrate ERISA's goal of expeditious resolution of benefit disputes.) This Court should review the record as it stood before Prudential, not some abbreviated version supplied by the Plaintiff's attorneys regardless of whether it reviews this matter under an arbitrary and capricious standard or under a *de novo* standard.

**The Penalties Requested By Plaintiff Are Not Applicable.**

The Plaintiff is not entitled to the penalties she has requested for several reasons. First, Prudential is not the plan administrator and thus is not subject to the requirements of 29 U.S.C. 1132(c). Second, the documents requested by Plaintiff from Prudential are not the documents contemplated by 29 U.S.C. 1132(c) to which non-disclosure penalties would apply and 29 U.S.C. 1132(c) does not apply to the documents addressed in the regulations. Third, the regulations cited by Plaintiff in support of her claim for penalties apply only to claims filed on or after January 1, 2002. Fourth, even if Prudential did not comply with the regulations, the remedy mandated by the case law is to remand the claim to the administrator, not to impose financial penalties. Finally, Plaintiff has failed to show prejudice warranting penalties under 29 U.S.C. 1132(c). These reasons are discussed more fully below.

    1.    **Prudential Is the Claims Administrator, Not the Plan Administrator.**

Plaintiff's requests for information were made to Prudential, not the "plan administrator." ERISA imposes on the "plan administrator" the duty to provide requested *plan* documents. 29 U.S.C. § 1024(b)(4). See also Jones v. UOP, 16 F.3d 141 (7th Cir. 1994). The "plan administrator" is the person so designated by the plan or, in the absence of express designation, the plan sponsor. 29 U.S.C. 1002(16)(A). Under ERISA, the "plan sponsor" means the *employer*. 29 U.S.C. 1002(16)(B). The term "plan administrator" should not be confused with the claims administrator. The plan administrator is the party solely responsible for complying with ERISA's disclosure requirements. Davis v. Liberty Mutual Insurance Company, 871 F.2d 1134(D.C. Cir. 1989).

Digital established and maintained the Long Term Disability Insurance Plan ("Plan"). DG 0001-DG0019, DG 0020-0045, Ewing Aff. ¶ 2, 3. Hannan Aff. ¶ 4. In fact, the front cover of the Plan itself, entitled "Your Group Program," does not even mention Prudential. DG0001. The only name which appears on the front page of the Plan itself is Digital. DG001. Further, Digital is explicitly mentioned as the contract-holder of the Plan. DG007. Prudential underwrites the plan's long-term disability benefits and it serves as the claims administrator with regard to claims for long term disability benefits. (emphasis added) DG0001-DG0019, DG 0020-0045, Hannan Aff. ¶ 4, 5. An insurer who underwrites an ERISA insurance plan cannot be held liable under Section 1132(c) as a matter of law, since the insurer is not the "Plan Administrator" within the meaning of that provision. Williams v. Humana Health Plan, Inc., 957 F.Supp. 1029, 1030 (N.D. Ill. 1997); Bass v. Prudential Ins. Co. of America, 764 F.Supp. 1436 (D. Kan. 1991).

2.  **29 U.S.C. 1132(c) is Not Applicable to the Instant Requests by Plaintiff.**

A plan administrator is obligated to produce certain types of documents to a participant

39010.3

pursuant to 29 U.S.C. § 1024. Doe v. Travelers Ins. Co., 167 F.3d 53, 59-60 (1st Cir. 1999); Ames v. Am. Nat. Can Co., 170 F.3d 751, 759 (7th Cir. 1999) (Section 1024(b)(4) "extends only to a defined set of documents.") The documents sought by Plaintiff are not the documents delineated by the statute. 29 U.S.C. §1132(c).

Plaintiff would have this Court believe that statutory penalties in 29 U.S.C. 1132(c) also apply to an alleged violation of 29 CFR 2560.503-1 and 29 CFR 2650.502-1. This is not the case. The penalties outlined in 29 U.S.C. 1132(c) refer to the failure to disclose the *plan documents* contemplated by that section of the statute. The penalties promulgated in 29 U.S.C. 1132(c) are not applicable to violations of 29 CFR 2560.503-1 and 29 CFR 2650.502-1. It has been held specifically that violations of ERISA §502(c) only refers to violations of statutorily imposed requirements and does not embrace violations of regulations promulgated pursuant to the statute. See Wilczynski v. Lumbermans Mutual Casualty Co., 93 F.3d 387 (7th Cir. 1996); Groves v. Modified Retirement Plan, 8-3 F.2d 109 (3rd Cir. 1986). Plaintiff has sought penalties for failure to produce documents delineated in the regulations, not the statute. Thus, her claim for penalties must fail.

Moreover, the Department of Labor regulations cited by Plaintiff are only applicable to claims filed on or after January 1, 2002 for disability plans. See 29 CFR 2560.503-1(o)(1). Plaintiff began receiving disability benefits in October of 1989. Answer ¶ 17, Hannan Aff. ¶ 12. Hence, the new regulations cited by Plaintiff in support of her claim for penalties are clearly not applicable to the instant case.

Finally, even if there were a violation of Section 1132(c), Plaintiff would have to show prejudice before penalties are levied. As noted at oral argument, Plaintiff has submitted no

evidence that she has been prejudiced by any "delay" in providing this information, as required for Section 1132(c) sanctions. Ames, 170 F.3d at 759-60. Hence, Plaintiff's Section 1132(c) claim is frivolous.

### 3. Even if Violation of the CFRs Occurred, the Remedy is Remand Not Penalties.

Plaintiff has attempted to bootstrap the statutory remedy to the alleged violation of a regulation. However, even if Prudential did not comply with the regulations, which it denies, the remedy available to Plaintiff is remand to the plan administrator for a "full and fair review," not the penalties sought by Plaintiff. See Miles v. AIG Life Insurance Company, 2005 U.S. Dist. LEXIS 8024 (E.D. LA 2005); Sven v. Principal Mut. Life Ins. Co., 1996 U.S. Dist. LEXIS 13855 (N.D. E.D. Ill.).

Although the Court has at oral argument has questioned the fairness of remand to the Plaintiff in this matter, the Court is not prevented from determining whether a full and fair review has occurred. If this Court determines that Plaintiff's claim received a full and fair review by Prudential, there is no need to even address the issue of any alleged violation of the CFRs. For the reasons mentioned above and in the Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, it is clear that based on the administrative record, Plaintiff did not meet the criteria of total disability and the termination of benefits was just and appropriate. Any alleged failure to disclosure documents by Prudential during the appeals process did not affect the ultimate decision of Prudential, which was justified given the evidence and the terms and conditions of the plan.

### Conclusion

Since the administrative review process in this case mirrored that of the procedure in the

39010.3

Orndorf case, this Court should consider the entirety of the administrative record. Moreover, since there was no personal bias or prejudicial procedural irregularity present in the instant case, *de novo* review and consideration of evidence outside the administrative record is not warranted. Further, Plaintiff's claim for penalties under 29 U.S.C. is not applicable to the case at bar. Because Prudential's decision is supported by substantial evidence and Plaintiff has shown no prejudice regarding the non-disclosure issue, summary judgment should enter in favor of Prudential on all counts of the Plaintiff's Complaint.

        Respectfully Submitted,

        THE PRUDENTIAL INSURANCE
        COMPANY OF AMERICA,
        By Its Attorneys,

        /s/ William T. Bogaert
        William T. Bogaert, BBO#546321
        Carey L. Bertrand, BBO#650496
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER, LLP
        155 Federal Street
        Boston, MA 02110
        (617) 422-5300

Dated: June 2, 2005

## CERTIFICATE OF SERVICE

I, William T. Bogaert, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 2nd day of June 2005 to:

    Richard Glovsky, Esq.
    Prince, Lobel, Glovsky & Tye, LLP
    585 Commercial Street
    Boston, MA  02109

        /s/William T. Bogaert

12

39010.3