LEXSEE 62 FED. APPX. 294

**BETTY L. ROACH, Plaintiff-Appellant, v. PRUDENTIAL INSURANCE BROKERAGE, INC., Defendant-Appellee.**

No. 02-4042

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

*62 Fed. Appx. 294; 2003 U.S. App. LEXIS 7232*

**April 16, 2003, Filed**

**NOTICE: [**1]** RULES OF THE TENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** (D. Utah). ( D.C. No. 2:00-CV-239-B).

**DISPOSITION:** Affirmed.

**LexisNexis(R) Headnotes**

**COUNSEL:** For Betty Roach, Plaintiff - Appellant: Loren M. Lambert, Midvale, UT.

For Prudential Insurance Brokerage, Inc., Defendant - Appellee: Scott M. Peterson, Fabian & Clendenin, Salt Lake City, UT. Jennifer E. Decker, Fabian & Clendenin, Salt Lake City, UT. Jon C. Martinson, Fabian & Clendenin, Salt Lake City, UT.

**JUDGES:** Before TACHA, Chief Circuit Judge, HOLLOWAY and EBEL, Circuit Judges.

**OPINIONBY:** Deanell Reece Tacha

**OPINION:**

[*295] ORDER AND JUDGMENT *

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of *10th Cir. R. 36.3*.

Plaintiff-Appellant Ms. Betty Roach **[**2]** appeals the district court's January 30, 2002, **[*296]** order granting summary judgment to Defendant-Appellee Prudential Insurance Brokerage, Inc. ("Prudential") on Ms. Roach's claims for short-term disability (STD) and long-term disability (LTD) benefits. We exercise jurisdiction pursuant to *28 U.S.C. § 1291* and AFFIRM.

I. Background

Ms. Roach was an employee of Banc One for eighteen years, beginning in 1980. Banc One provided Ms. Roach with a benefits plan ("the Plan"), which included STD and LTD benefits. The LTD benefits were provided pursuant to a group policy, issued by Prudential to Banc One Corporation's Voluntary Employee Benefit Association. Banc One self-funded the STD benefits portion of the Plan. Prudential was the claims administrator for both the STD and LTD portions of the Plan. Banc One was the fiduciary for purposes of the ultimate determination of STD and LTD benefits.

The Plan defined "Total Disability" as follows:

> You must be unable, due to sickness or injury, to perform the material and substantial duties of your occupation to be considered totally disabled. You don't have to be confined to your home but must be under the regular **[**3]** care of a doctor, and your doctor must certify the job duties that you're unable to perform.

This definition applied to both STD and LTD benefits. The LTD portion of the Plan further provided:

> "Total Disability" exists when Prudential determines that all of these conditions are met:
>
> (1) Due to Sickness or accidental injury, both of these are true:

(a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.

(b) After the first 24 months of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. . . .

In May of 1998, Ms. Roach notified Prudential of her claim for STD benefits, asserting chronic fatigue syndrome ("CFS") as the basis for her claim. Subsequently, Ms. Roach also requested LTD benefits. In a letter dated June 17, 1998, Prudential notified Ms. Roach of its denial of her claim, based on its conclusion that Ms. Roach's medical records did not show a "medical condition causing impairment that would make [Ms. Roach] unable to perform the material **[**4]** and substantial duties of [her] occupation."

In September of 1998, Prudential referred Ms. Roach's claim to Dr. Gwen Brachman, an independent medical reviewer. Based on her review of Ms. Roach's medical records, Dr. Brachman reached the following conclusions:

> The diagnosis of Chronic Fatigue Syndrome (CFS) is based on patient account; there is no laboratory or objective clinical data to support this diagnosis. From the information supplied by Ms. Roach, her physicians and friends it appears that Ms. Roach does fulfill the CDC criteria for the diagnosis of Chronic Fatigue Syndrome. . . . . *From the information provided, with a reasonable degree of medical certainty, it appears that Ms. Roach should be able to perform the essential job functions of a bank teller.*

Brachman Oct. 18, 1998, letter (emphasis added). Based on Dr. Brachman's conclusions, Prudential upheld its denial of STD **[*297]** benefits. Prudential also denied Ms. Roach's claim for LTD benefits, based in part on its conclusion that Ms. Roach was not "disabled" under the terms of the LTD policy. Prudential notified Ms. Roach of her right to appeal and invited her to submit any additional information **[**5]** that might be relevant to her claim.

In May of 1999, Prudential asked Professional Appointment Services ("PAS") to arrange an independent medical evaluation of Ms. Roach. PAS arranged to have Dr. Stephen Marble examine Ms. Roach. Based on his physical examination and review of Ms. Roach's medical records, Dr. Marble concluded:

> [1] Based on the examination of this patient and the noted occupation as a bank teller, *I do not find any specific reason that this patient cannot perform her normal job-related duties*. . . .
>
> [2] I am left with the impression that Ms. Roach is *physically capable of performing her standard activities without restriction* both vocationally and avocationally.
>
> . . . .
>
> [3] The patient's clinical presentation and medical records do support the diagnosis of chronic fatigue syndrome and fibromyalgia.
>
> . . .
>
> [4] The patient's physical presentation does not appear consistent with her complaints of constant severe, excruciating, grade 10 pain and state of total disability. The patient's physical examination is relatively benign. She appears relatively well conditioned given the report of disability and inactivity.

Marble **[**6]** June 7, 1999, letter (emphasis added). In a letter dated June 22, 1999, Prudential again informed Ms. Roach of its denial of STD and LTD benefits, based on its conclusion that Ms. Roach did not meet the definition of "Total Disability" under either the STD or LTD portions of the Plan.

Prudential's June 22, 1999, letter also outlined the procedure for review of Prudential's decision, explaining that Ms. Roach could appeal Prudential's STD decision to Banc One's "Benefits Administration Review Committee" and Prudential's LTD decision to Prudential's Appeals Committee. Ms. Roach appealed both Prudential's STD and LTD decisions to Banc One's Benefits Administration Review Committee. Ms. Roach did not appeal Prudential's LTD decision to Prudential's Appeals Committee, as she was advised to do in Prudential's June 22, 1999, letter.

In a letter dated January 7, 2000, Banc One received the report of Dr. Nicholas Teteris, who had conducted another independent medical review of Ms. Roach's file. Dr. Teteris's letter included the following conclusions:

> I do not contest the fact that Ms. Roach does indeed have this condition or disease. The issue simply boils down to whether this condition [**7] can result in total disability. . . . Even though all the criteria for the diagnosis of this disease have not been met, I do not contest that the patient has [CFS]. However, I do not consider this to be a totally disabling condition. . . . The fact that the symptomatology of this disease is variable in intensity and duration and intermittent does not meet the criteria for total disability.

On January 31, 2000, Banc One's Benefits Review Committee denied Ms. Roach's appeal of Prudential's decision regarding STD benefits, n1 concluding that "[her] illness [*298] [did] not meet the terms of the Bank One [STD] Benefit Plan."

> n1 The letter informing Ms. Roach of this denial again informed her that any appeal of Prudential's LTD benefits decision should be directed to Prudential's Disability Management Services.

Ms. Roach brought suit in the Third District Court for the State of Utah, alleging various causes of action. Prudential timely removed to federal court. Ms. Roach then amended her complaint, recasting [**8] her claims as arising under the Employee Retirement Income Security Act of 1974, *29 U.S.C. § 1001, et seq.* ("ERISA"). Prudential then moved for summary judgment, which the district court granted in an order dated January 30, 2002. This appeal followed.

II. Discussion

A. Whether the District Court Erred in Denying Ms. Roach's Request to Supplement the Administrative Record.

Ms. Roach first argues that the district court erred in refusing to consider various affidavits and documents that were not before Prudential when it rendered its decision. We disagree.

We addressed this question in *Sandoval v. Aetna Life and Casualty Ins. Co., 967 F.2d 377 (10th Cir. 1992)*, and stated the following:

> If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence. [A plaintiff] is not entitled to a second chance to prove his disability. The district court's responsibility lay in determining whether the administrator's actions were arbitrary or capricious, *not* in determining whether [the plaintiff] was, in the district [**9] court's view, entitled to disability benefits. In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision.

*Id. at 381* (emphasis added).

Under *Sandoval*, had the district court considered Ms. Roach's newly proffered evidence, it would have exceeded the scope of its review. *Id.* Simply put, "an administrator's decision is not arbitrary or capricious for failing to take into account evidence not before it." *Id.*

*Hall v. UNUM Life Ins. Co. of Am., 300 F.3d 1197 (10th Cir. 2002)*, does not alter this conclusion. In *Hall*, we concluded that "the best way to implement ERISA's purposes . . . is ordinarily to restrict de novo review to the administrative record, but to allow the district court to supplement that record 'when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.'" *Id. at 1202* (quoting *Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993)* [**10] (en banc)). In this case, however, we are reviewing an administrator's decision under the arbitrary and capricious standard, not the de novo standard. As we reiterated in *Hall*, "in reviewing a plan administrator's decision for abuse of discretion, the federal courts are limited to the 'administrative record' – the materials compiled by the administrator in the course of making his decision." *300 F.3d at 1201* (citing *Sandoval, 967 F.2d at 380-81*).

Based on the above, we conclude that the district court properly refused to consider documents outside of the administrative record. n2

> n2 The record does reflect that Prudential did consider the CDC criteria for chronic fatigue syndrome, and thus the district court should have considered these criteria. We conclude, nevertheless, that consideration of the CDC criteria would not have changed the outcome because Prudential predicated its ruling on the lack of evidence of disability rather than upon a conclusion that Ms. Roach did not have chronic fatigue syndrome.

We also reject Ms. Roach's request for a remand, so that Prudential may reconsider its earlier

conclusions in light of this new evidence.

**[**11]**

**[*299]**  B. Whether the District Court Erred in Concluding that Prudential's Decision Denying Ms. Roach's Benefits Claim Was Not Arbitrary or Capricious.

Ms. Roach next argues that the district court erred in concluding that Prudential's denial of benefits was not arbitrary or capricious. We disagree.

1. *Standard of Review*

The district court concluded, and the parties do not dispute, that Prudential had discretionary authority to determine Ms. Roach's eligibility for benefits. Accordingly, the district court properly reviewed Prudential's determination under an arbitrary and capricious standard of review. *Sandoval, 967 F.2d at 380.* "The district court's holding that the administrator's decision was not arbitrary and capricious is a legal conclusion. Hence, our review of the district court's decision, although not the underlying administrator's decision, is plenary." *Id.*

In determining whether the administrator's decision was arbitrary or capricious, we look to various indicia, including: (1) whether substantial evidence supported the administrator's decision; (2) whether the administrator based its decision on a mistake of law; and (3) whether the administrator **[**12]** conducted its review in bad faith, or under a conflict of interest. *Id. at 380 n.4.* To survive our review, "'the Administrator's decision need not be the only logical one nor even the best one.'" *Kimber v. Thiokol Corp., 196 F.3d 1092, 1098 (10th Cir. 1999)* (quoting *Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1460 (10th Cir. 1991)).* "The reviewing court 'need only assure that the administrator's decision falls somewhere on a continuum of reasonableness – even if on the low end.'" *Id.* (quoting *Vega v. Nat'l Life Ins. Serv., Inc., 188 F.3d 287, 297 (5th Cir. 1999)).* In other words, we will uphold the administrator's decision "unless it is 'not grounded on *any* reasonable basis.'" *Id.* (quoting *Woolsey, 934 F.2d at 1460*) (emphasis in original).

2. *Analysis*

In this case, substantial evidence supported Prudential's denial of Ms. Roach's request for STD and LTD benefits. Two independent physicians, Dr. Brachman and Dr. Marble, had concluded that Ms. Roach did not satisfy the Plan's definition of "Total Disability," insofar as she was not "unable, due to sickness or injury, to perform the **[**13]** material and substantial duties of [her] occupation." n3 Accordingly, the district court properly concluded that Prudential's benefits determination was not arbitrary or capricious.

n3 Although we do not consider it in evaluating Prudential's decision, we note that the third independent examination, by Dr. Teteris, for Banc One's Benefits Review Committee further supports the reasonableness of Prudential's determination.

C. Whether Prudential Misled Ms. Roach Regarding the Proper Procedure for Appealing Prudential's Denial of Her Claim for STD and LTD Benefits.

Prudential's June 22, 1999, letter clearly outlined the proper procedure for Ms. Roach to obtain final review of Prudential's decision, explaining that Ms. Roach **[*300]** could appeal Prudential's STD decision to Banc One's "Benefits Administration Review Committee" and Prudential's LTD decision to Prudential's Appeals Committee. Thus, Ms. Roach's argument that Prudential somehow misled her is wholly without merit.

D. Whether Ms. Roach Is Entitled to **[**14]** Attorney's Fees.

Finally, we reject Ms. Roach's request for attorney's fees under *29 U.S.C. § 1132(g)*. *Gordon v. United States Steel Corp.* set forth the following five factors to be considered where a party seeks attorney's fees in an ERISA case:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*724 F.2d 106, 109 (10th Cir. 1983)*.

Even assuming that Ms. Roach would have difficulty paying her legal bills, Prudential's actions were reasonable, there is no evidence Prudential acted in bad faith, and we find no merit in any of Ms. Roach's arguments under *Gordon*.

III. Conclusion

Based on the foregoing, we AFFIRM the district court's grant of summary judgment. **[**15]** Appellant's motion to proceed in forma pauperis is granted.

62 Fed. Appx. 294, *300; 2003 U.S. App. LEXIS 7232, **15

ENTERED FOR THE COURT,                           Chief Circuit Judge

Deanell Reece Tacha